**Bobby Joe SCARBERRY et al., Appellants,**

v.

**J. L. CARR, Jr., et al., Appellees.**

**No. 50341.**

Supreme Court of Oklahoma.

Nov. 8, 1977.

---

Elliott, Woodard, Rolston & Kelley by Joe S. Rolston, III, Oklahoma City, for appellants.

Charles Elder, Purcell, for appellees.

BARNES, Justice:

This action was brought by Plaintiffs-Appellants pursuant to 11 O.S.1971, § 530, to correct the plat of Carr Acres Third Addition (Carr Third) to the Town of Newcastle, McClain County, Oklahoma, which plat Appellants contended contained an error in the legal description. The Appellants all own lots within the addition, and the Appellees own all of the remaining lots in said addition, except the Appellee, Town of Newcastle, which was made a party pursuant to 11 O.S.1971, § 531, since the correction would affect a public street, and except the Appellees, J. L. Carr, Jr., individually and as Administrator of the Estate of James L. Carr, deceased, and of Norma F. Carr, deceased, Bruce Carr and Margaret Griffiths, who are the heirs at law and legal representatives of the original platters of said addition, who are now both deceased.

Appellee, Town of Newcastle, filed its answer admitting the allegations of the Appellants' petition and joined the Appellants in requesting that the plat of Carr Third be corrected.

Appellees, J. L. Carr, Jr., individually and as Administrator of the Estate of James L. Carr, deceased, and of Norma F. Carr, deceased, Bruce Carr and Margaret Griffiths, filed an answer neither admitting nor denying the ownership of lots within Carr Third (Appellees later in Answers to Request for Admissions specifically admitted such ownership), and specifically denying that there was error in the plat of Carr Third.

In addition, Appellees filed a Cross-Petition containing three causes of action. The first cause of action was for reasonable damages against the owners of Lots 15 through 28, Carr Third, for wrongful possession and taking of lands belonging to Appellees. The second and third causes of action sought to cancel and/or reform a certain correction deed executed and delivered to Appellee, Eugene C. Dobbs, also known as Gene Dobbs.

Appellants' Reply and Answer to the Cross-Petition of Appellees alleged that the titles of the Appellants and Appellee-owners were all deraigned from warranty deeds given by James L. Carr and Norma F. Carr, and that by reason of the warranties of title contained in said deeds the Appellees were legally and equitably estopped to claim any interest in the property of the Appellants and other Appellee-owners.

The following facts appear to be undisputed. On or about April 23, 1971, James L. Carr and Norma F. Carr, both now deceased, dedicated and platted Carr Third, as shown by the recorded plat thereof in Book 368, page 413, of the public records of McClain County, Oklahoma. The lots and streets of Carr Third, as constructed, developed and laid out on the surface, do not correspond to the location shown on the recorded plat. There is no vacant 160–foot strip of ground between Carr Third and Carr Acres Second Addition, notwithstanding that the recorded plats reflect existence of such a strip. The plat of Carr Third overlaps the plat of Carr Acres Fourth Addition. There is no satisfactory way to correct the physical location of the lots and streets of Carr Third to correspond to the recorded plat thereof since there is no vacant land available on either the east or west side thereof.

Prior to trial, Appellants filed a Motion for Judgment on Uncontroverted Facts, supported with an Affidavit of Roger Mayes, the County Surveyor of McClain County, stating he had resurveyed the area covered by the plat of Carr Third and determined the recorded plat did not correspond to the location of the addition as actually developed and laid out on the surface of the ground. He further stated that the plat of Carr Third described the point of beginning at a point 661.75 feet South and 1160 feet West of the Northeast Corner of the NW¼ of Section 15, Township 9 North, Range 4 West, but, in truth and in fact, the point of

beginning of said addition is located at a point 661.75 feet South and 1000 feet West of the Northeast corner of the NE¼ of Section 15. Affiant stated that in the process of his resurvey he was able to locate some surveying pins that were already in place and which corresponded to his findings, and at the point of 1000 feet section line is located a surveying pin which had a red flag upon it. Based upon the color of the flag, he stated it had been there for some period of time, but he had no personal knowledge as to who placed it there, other than it was a surveying pin. Affiant stated that if the court would order the recorded plat corrected by this 160 feet it would correspond to the location of the addition as developed and constructed on the surface and that the plat would then not overlap Carr Acres Fourth Addition. It was Affiant's opinion that the erroneous call in the plat resulted from either a scrivener's error or from a mismeasurement of the actual distance on the ground.

Both parties submitted briefs to the court. The day prior to trial, November 3, 1976, the Trial Court overruled Appellants' Motion for Judgment on Uncontroverted Facts.

The matter came on for trial November 4, 1976. Appellants offered the testimony of three witnesses, including Roger Mayes, whose testimony was not completely taken, but was stipulated to by the parties and followed generally the statements made in his affidavit.

Loretta Fancher, Town Clerk of the Town of Newcastle, Oklahoma, testified she was familiar with the location of the houses in Carr Acres Second and Third Additions and that there was no vacant 160-foot strip between the additions as laid out on the surface. The same testimony was given by Bobby Joe Scarberry, owner of Lot 3 in Carr Acres Third Addition. Appellees offered no evidence, but demurred to the evidence of the Appellants. The Trial Court sustained the demurrer on the basis that it was not established that the plat was erroneously placed at 1160 feet, and stated:

"Alright, gentlemen, this is what I believe is going to happen in this matter. The plat will be reformed. There is no question in my mind but what that plat will be reformed. I don't believe that I have received enough evidence to do it either under that statute or in equity. I believe that enough evidence is available to do it in equity, and I don't believe that any of you all have got the witnesses here to establish an equity case today, and, I don't believe any of you have got witnesses here to establish values and that is why I don't believe you are prepared to proceed on the damages issue and I know that I am not prepared."

The Trial Court made no ruling on the Cross-Petition, but suggested that to expedite the matter on appeal the case should be tried independently of the statute, 11 O.S. 1971, § 530, infra. No motion for new trial was filed. This appeal followed.

Subsequent to the filing of Appellants' Petition in Error in this Court, several of the Appellees, Billy J. Stow and Mary R. Stow, husband and wife, and Appellee, Town of Newcastle, Oklahoma, filed Confessions of Error in this Court, confessing error by the Trial Court and consenting to a reversal by this Court and entry of a judgment correcting the plat of Carr Third, or remand for a new trial.

On appeal, Appellants urge that the Trial Court erred in overruling their Motion for Judgment on Uncontroverted Facts, erred in sustaining Appellees' demurrer to the evidence of the Appellants, and that the Trial Court's judgment is contrary to law.

Appellants brought their action pursuant to 11 O.S.1971, § 530, which provides as follows:

"The district court shall have the jurisdiction to correct city and town plats and plats of additions thereto. The owner or owners of any lot or lots within the portion of the plat sought to be corrected of any city or town plat or the plat of an addition thereto, may file his petition in the district court of the county where the land is situated to correct such plat, or

any portion thereof, when the same has been erroneously made by duplicating lot numbers in any block or incorrectly describing the distances on said plat or when the same is, in any manner, incorrect in description or otherwise. And the court in correcting the same, may correct the description of property in any conveyance of a lot or lots, where the plat is corrected, which may be necessary for the purpose of making a complete and correct descriptive chain of title to the lot, or lots, the description of which is corrected."

This statute was enacted in 1915 and has never been interpreted by this Court.

It appears the Trial Court adopted the theory that because Appellants were relying on the above quoted statute it was to be strictly construed against them; that the burden of proof upon Appellants was that they must prove it was the intention of the platters to develop the real property at the location where it was actually laid out and constructed on the surface of the ground, rather than 160 feet west of that location, as reflected by the recorded plat. On appeal, Appellants contend the only burden imposed by Section 530, supra, is to show that the dimension shown on the plat is not correct as it relates to the actual distance measured on the surface of the ground, unless Appellees can show some legal or equitable reason that the plat should not be corrected.

On the other hand, Appellees argue that Section 530, supra, operates only when an error has occurred in the plat and that nothing in the record of this case exclusively establishes this.

Appellants argue that it is the actual location of the boundary lines as established on the ground itself by the survey that is primary, that the plat is merely derivative and secondary, and in case of conflict between the two the existing monuments on the ground control. In support of this position, Appellants rely on *Roetzel v. Rusch,* 172 Okl. 465, 45 P.2d 518 (1935). Appellants do not contend *Roetzel, supra,* is directly applicable on the facts, but that the case

manifests the proposition that the plat is secondary and the survey or existing monuments are primary and control. That case states in the fourth syllabus:

"4. Where a deed describes property by reference to plat or map, grantee takes title in accordance with the boundary so identified; but where discrepancy exists between call in deed for monuments and courses and distances shown by plat referred to, general rule that monuments control courses and distances will be followed."

Appellees attempt to distinguish *Roetzel, supra,* as involving a discrepancy between references to monuments within the written conveyance and a plat, urging that the discrepancy in the instant case is between the plat and whether construction was the fault of the platters or otherwise. However, it is to be noted that Appellees cite no authorities contrary to those relied on by Appellants.

While Appellants point out that they have been unable to find any specific Oklahoma authority, they urge that other jurisdictions have adopted the fundamental rule that where a survey as made and marked upon the ground conflicts with the plat, the survey must prevail, citing *Arnold v. Hanson,* 91 Cal.App.2d 15, 204 P.2d 97 (1949) and *Sellman v. Schaaf,* 26 Ohio App.2d 35, 269 N.E.2d 60 (1971).

In *Sellman, supra,* the Court said the subdivision is first done by the survey of the premises, establishing monuments, etc., so that a physical or semi-physical dividing of the land with the attendant markings takes place. Then a plat is made and the symbolic representation of what was done on the premises becomes the recorded documentation of the action taken and provision is made for the dedication and acceptance of public streets and ways. The Court posed the question: "What is the situation where the actual location of a corner by a surveyor in setting up a subdivision differs from the description or plat?"

The Court then discussed numerous authorities before arriving at the following conclusions set forth in syllabi 1 and 2:

"1. Where a survey of a parcel of land has been made by a surveyor, monuments placed or ascertained, and boundary lines established by such monuments and a plat is made thereafter and recorded which subdivides the land so surveyed into lots, *the boundary lines of such lots as so established on the ground itself are primary. The plat is derivative and secondary.*

"2. Where the original monuments as located by such surveyor are still ascertainable, the boundary lines determined by such monuments will determine the boundaries of the respective lots irrespective of deviation from the course or distance as set forth in the plat." (Emphasis ours)

In *Clark, Surveying and Boundaries* (3rd Ed. 1959), it is said at page 534, Section 540:

"§ 540. Survey rather than plat fixes location of boundary.—Where a plat delineates an actual survey, the survey rather than the plat fixes the location and the boundaries of the land. The plat is a picture, the survey the substance. In a conveyance referring to such plat, the lot bounded by the lines actually run upon the ground is the lot intended to be conveyed. The plat may be all wrong, but that does not matter if the actual survey can be shown. Thus, where there is a dispute as to the boundary line between a street and the abutting lots, the original survey will control the recorded plat. Where a surveyor of the land marks the division lines on the ground by monuments, such lines control calls and distances indicated on his map. * * *"

It is to be noted that the water line plan of Carr Acres Addition, Second and Third, prepared by the surveyor who made and executed the plat in question, and which purports to show the water line distribution system for the three additions, was admitted into evidence as being an official record of the City of Newcastle. It reflects that the three additions were to be located next to each other with no indication of a 160-foot strip between Carr Second and Third Additions.

In addition, the probate proceedings of the Estate of James L. Carr, Deceased, were offered into evidence and the Court took judicial notice thereof. This evidence consisted of an application by the Administrator of the estate and an order of the Trial Judge authorizing the granting of correction deeds covering tracts in Carr Fourth Addition, which was overlapped by the plat of Carr Third. Appellants urge the granting of correction deeds further supports their position.

We find that the statute in question, 11 O.S.1971, § 530 supra, was intended to apply to just such a situation as we have here. We agree with the Appellants that the Trial Court erred when it sustained Appellees' demurrer.

Judgment of the Trial Court is reversed and cause remanded for new trial not inconsistent with the views expressed herein.

All the Justices concur.